



UNITED STATES DISTRICT COURT
Southern District of Texas
Houston Division

**MICHAEL N. MILBY, CLERK**

March 4, 2008

Clerk, U.S. District Court
Northern District of Illinoix
219 South Dearborn Street
Chicago, IL  60604

Re:   4:07CR183-1 Our case number
      4:08CR160-1 Your case number
      USA v Amal Alrub

**FILED**

MAR 1 2 2008
3-12-08
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Dear Clerk:

Enclosed are certified copies of an order transferring the above-captioned case to your district and of the docket for that case. The case file can be accessed through the Electronic Case Filing/Pacer System for the Southern District of Texas at:  ecf.txsd.uscourts.gov

Please acknowledge receipt of these documents by signing the receipt below, indicating your case number and returning it to us in the enclosed envelope.

Sincerely,

Michael Milby, Clerk

*C. Peebles*
By:  Carmen Peebles
Deputy Clerk

Received and filed under Criminal No. _____
on the _____ day of _____ 20_____.

AO 245B (Rev. 08/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Houston

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **AMAL ALRUB** | |
| A/K/A Amy Alrub | CASE NUMBER: 4:07CR00183-001 |
| | USM NUMBER: 56539-179 |
| ☐ See Additional Aliases. | Winston Earle Cochran, Jr. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1S on July 17, 2007

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 331(c) and 333(a)(2) | Receipt of misbranded drugs | 04/11/2007 | 1S |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 4, 2008
Date of Imposition of Judgment

*[Signature]*
Signature of Judge

**DAVID HITTNER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

1/8/08
Date

HR | GW

AO 245B  (Rev. 08/05) Judgment in a Criminal Case
          Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

DEFENDANT: AMAL ALRUB
CASE NUMBER: 4:07CR00183-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of     6 months.
This term consists of SIX (6) MONTHS as to Count 1S.

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 08/05) Judgment in a Criminal Case
Sheet 3 -- Supervised Release

DEFENDANT: AMAL ALRUB
CASE NUMBER: 4:07CR00183-001

Judgment -- Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 1 year.
This term consists of ONE (1) YEAR as to Count 1S.

☐ See Additional Supervised Release Terms.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. *(for offenses committed on or after September 13, 1994)*

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 08/05) Judgment in a Criminal Case
Sheet 3C -- Supervised Release

DEFENDANT: AMAL ALRUB
CASE NUMBER: 4:07CR00183-001

## SPECIAL CONDITIONS OF SUPERVISION

If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall report to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon the defendant's reporting.

The defendant is required to provide the probation officer access to any requested financial information. If a fine or restitution amount has been imposed, the defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
           Sheet 5 -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT:  AMAL ALRUB
CASE NUMBER:  4:07CR00183-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $100       |          |                 |

☐ See Additional Terms for Criminal Monetary Penalties.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal payees must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

☐ See Additional Restitution Payees.

**TOTALS**                $ _____0.00      $ _____0.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the  ☐ fine    ☐ restitution.

   ☐ the interest requirement for the  ☐ fine   ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 08/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: AMAL ALRUB
CASE NUMBER: 4:07CR00183-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒ Lump sum payment of $ __100__ due immediately, balance due
    ☐ not later than _____, or
    ☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐ Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after the date of this judgment; or

D  ☐ Payment in equal _____ installments of $ _____ over a period of _____, to commence _____ days after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☒ Special instructions regarding the payment of criminal monetary penalties:
Make all payments payable to: U.S. District Clerk, Attn: Finance, P.O. Box 61010, Houston, TX 77208.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Case Number**
**Defendant and Co-Defendant Names**
**(including defendant number)**     **Total Amount**     **Joint and Several Amount**     **Corresponding Payee, if appropriate**

☐ See Additional Defendants and Co-Defendants Held Joint and Several.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY - 9 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | CRIMINAL NO. | 4:07 CR 183 |
| Plaintiff, § | 18 U.S.C § 2 | |
| § | 18 U.S.C. § 371 | |
| v. § | 18 U.S.C. § 2320(a) | |
| § | 21 U.S.C. § 331(i) | |
| AMAL ALRUB § | 21 U.S.C. § 333(a)(2) | |
| aka AMY ALRUB § | | |
| Defendant. | | |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
(Conspiracy – 18 U.S.C. § 371)

#### A. INTRODUCTION

At all times material to this indictment:

1. The United States Food and Drug Administration (FDA) is the agency of the United States charged with the responsibility of protecting the health and safety of the American public by ensuring, among other things, that drugs sold for administration to humans bear labeling containing true and accurate information. The FDA's responsibilities include regulating the labeling and distributing of prescription drugs shipped or received in interstate commerce.

2. United States Immigration Customs Enforcement (ICE) is an agency of the United States charged with the responsibility of investigating the smuggling of contraband into the United States to include counterfeit merchandise.

3. Under the Food Drug and Cosmetic Act, the definition of a "drug" includes articles which (1) are intended for use in the diagnoses, cure, mitigation, treatment or prevention of

1

disease in man, and (2) are intended to affect the structure or function of the body of man. Due to the toxicity and other potential harmful effect, certain drugs are not considered safe for use except for use under the supervision of a practitioner licensed by law to administer such drugs. These drugs are known as prescription drugs.

4. Viagra was a prescription drug product that had been approved by the FDA for distribution within the United States.

5. Pfizer Pharmaceuticals (Pfizer) had the exclusive right to manufacture Viagra for distribution within the United States.

6. The name "Viagra" was a trademark owned by Pfizer and is registered in the principal registry in the United States Patent and Trademark Office.

7. The Food Drug and Cosmetic Act also regulates the importation, delivery, distribution and receipt of prescription drugs in interstate commerce. Under the Act, a prescription drug is deemed misbranded if its labeling is false or misleading in any particular manner. A prescription drug is also deemed to be counterfeit if it bears a trademark without the authorization of the registrant of the trademark.

8. Amal Alrub, defendant herein, was a resident of Orland Park, Illinois and traveled to Houston, Texas to obtain and further distribute counterfeit Viagra pills.

## B. THE CONSPIRACY

9. Beginning in or about February, 2007 and continuing thereafter to in or about April 15, 2007, in the Houston Division of the Southern District of Texas and elsewhere, defendant,

**AMAL ALRUB,
aka AMY ALRUB,**

did knowingly, intentionally, and willfully combine, conspire and confederate and agree with other persons known and unknown to the grand jury to commit certain offenses against the United States, namely:

    a.    To traffic and attempt to traffic in counterfeit goods in violation of Title 18, United States Code, Section 2320(a).

    b.    To violate the Food, Drug and Cosmetic Act, namely, with the intent to defraud and mislead, counterfeit Pfizer Pharmaceuticals Inc. trademark, Viagra, in violation of Title 21, United States Code, Section 331(i), 333(a)(2)

### C. OBJECT OF THE CONSPIRACY

10. It was the object of the conspiracy for the defendants and others to unlawfully enrich themselves by obtaining and distributing pharmaceutical drug products that bore the trademark Viagra, without the authorization of Pfizer Pharmaceuticals Inc., the manufacturer of said drugs, and thereafter resell the drugs to the public.

### D. MANNER AND MEANS

The manner and means of the conspiracy included, but were not limited to the following:

11. Defendant AMAL ALRUB would and did receive $30,000 from individuals in Chicago, Illinois and New York for the purpose of obtaining approximately 800,000 counterfeit Viagra pills.

12. Defendant AMAL ALRUB would and did contact an ICE undercover agent for the purpose of obtaining counterfeit Viagra pills.

3

13. Defendant AMAL ALRUB would and did receive email from individuals in Jordan for the purpose of arranging the pickup of several cartons containing approximately 800,000 counterfeit Viagra pills.

14. Defendant AMAL ALRUB would and did travel to Houston, Texas and meet with an undercover agent for the purpose of receiving one carton containing approximately 100,000 counterfeit Viagra pills and arranging the delivery of additional cartons containing approximately 700,000 counterfeit pills to individuals in New York. The counterfeit pills bore the same mark, shape and appearance as the genuine Viagra pills.

## OVERT ACTS

15. In furtherance of the conspiracy and to effect the objects thereof, the following Overt Acts, among others, were committed in the Southern District of Texas:

(1) On or about April 3, 2007, defendant AMAL ALRUB contacted an ICE undercover agent by telephone to indicate she would be traveling to Houston, Texas to deliver $30,000 and pickup 70,000 "blueberries" a code name for counterfeit Viagra pills.

(2) On or about April 4, 2007, defendant AMAL ALRUB received a text message from an individual who identified himself as Bilal and indicated he would send her something by western union and provided the address of "34 n main street portchester ny 10573 to deliver the stuff to."

(3) On or about April 6, 2007, defendant AMAL ALRUB contacted an ICE undercover agent by telephone to indicate that she could not travel to Houston on Friday, April 6, 2007, but instead would leave Chicago, Illinois on April 10 or 11, 2007.

4

(4)  On or about April 9, 2007, defendant AMAL ALRUB contacted an ICE undercover agent to discuss her concerns about traveling by airplane to Houston, Texas with $30,000 cash to receive the counterfeit Viagra pills.

(5)  On or about April 11, 2007, defendant AMAL ALRUB met with an ICE undercover agent in Houston, Texas and inspected a package containing approximately 100,000 loose counterfeit Viagra pills wrapped in plastic.

(6)  On or about April 11, 2007, defendant AMAL ALRUB met with an ICE undercover agent in Houston, Texas and delivered $30,000 in cash in exchange for receiving one carton containing 100,000 counterfeit Viagra pills and arranging the delivery of approximately 700,000 counterfeit Viagra pills to New York.

## COUNT TWO
### (Trafficking in Counterfeit Goods)

1. On or about April 11, 2007, in the Houston Division of the Southern District of Texas, the defendant,

### AMAL ALRUB

aided and abetted by others known to the Grand Jury, did intentionally traffic and attempt to traffic in goods, namely, pharmaceutical drugs, and knowingly used a counterfeit mark on and in connection with such goods, that is, the Viagra trademark used to identify a pharmaceutical product marketed by Pfizer Pharmaceuticals, which counterfeit mark was identical with and substantially indistinguishable from the genuine mark in use and registered for that good on the principal register in the United States Patent and Trademark Office, and the use of which mark

5

was likely to cause confusion, mistake and deception regarding said mark.

**In violation of Title 18, United States Code, Sections 2 and 2320(a).**

A TRUE BILL:

<u>Original Signature on File</u>
FOREPERSON

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

by *[signature]*
SAMUEL J. LOUIS
Assistant United States Attorney
713 567-9737

6

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION
```

AUG 1 4 2007

Michael N. Milby, Clerk

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | CRIMINAL NO. H-07-183 |
| v. | § | 21 U.S.C. § 331(c) |
| | § | 21 U.S.C. § 333(a)(2) |
| AMAL ALRUB | § | |
| aka AMY ALRUB, | § | |
| Defendant | | |

## SUPERSEDING CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### A. INTRODUCTION

At all times material to this Information:

1. The United States Food and Drug Administration (FDA) is the agency of the United States charged with the responsibility of protecting the health and safety of the American public by ensuring, among other things, that drugs sold for administration to humans bear labeling containing true and accurate information. The FDA's responsibilities include regulating the labeling and distributing of prescription drugs shipped or received in interstate commerce.

2. Under the Food Drug and Cosmetic Act, the definition of a "drug" includes articles which (1) are intended for use in the diagnoses, cure, mitigation, treatment or prevention of disease in man, and (2) are intended to affect the structure or function of the body of man. Due to the toxicity and other potential harmful effect, certain drugs are not considered safe for use except for use under the supervision of a practitioner licensed by law to administer such drugs. These drugs are known as prescription drugs.

3. Viagra was a prescription drug product that had been approved by the FDA for

distribution within the United States.

4. Pfizer Pharmaceuticals (Pfizer) had the exclusive right to manufacture Viagra for distribution within the United States.

5. The name "Viagra" was a trademark owned by Pfizer and is registered in the principal registry in the United States Patent and Trademark Office.

9. The Food Drug and Cosmetic Act also regulates the importation, delivery, distribution and receipt of prescription drugs in interstate commerce. Under the Act, a prescription drug is deemed misbranded if its labeling is false or misleading in any particular manner. A prescription drug is also deemed to be counterfeit if it bears a trademark without the authorization of the registrant of the trademark.

10. Amal Alrub, defendant herein, was a resident of Chicago Illinois.

## COUNT ONE
### (Receipt of Misbranded Drugs)

1. The Grand Jury incorporates herein by reference, as if set out in full, the introductory paragraphs of this Criminal Information. On or about April 11, 2007, and in the Houston Division of the Southern District of Texas, the defendant,

**AMAL ALRUB
aka AMY ALRUB,**

with the intent to defraud and mislead, received in interstate commerce drugs that were misbranded, namely a shipment of counterfeit Viagra pills that were packaged in plastic bags and

the proffered delivery was in exchange for payment.

**In violation of Title 21, United States Code, Sections 331(c) and 333(a)(2).**

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

by _(signature)_
Samuel J. Louis
Assistant United States Attorney
713 567-9737